20686

In the Matter of Robert Barnwell CLARKSON, Respondent.

(244 S. E. (2d) 512)

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Richard B. Kale, Jr., A. Camden Lewis, George C. Beighley* and *Perry M. Buckner,* Columbia, *for complainant.*

*Henry D. McMaster,* Columbia, *for respondent.*

May 15, 1978.

*Per Curiam:*

This attorney disciplinary proceeding was initially commenced against Robert Barnwell Clarkson, respondent, in July 1976. He was found by both the Panel and the Board of Commissioners on Grievances and Discipline (Board) to have engaged in unprofessional conduct as follows:

(1) he charged an excessive fee and attempted to bring pressure on a Mr. and Mrs. Norris to pay his fee (although not incurred by them) by filing a second action and a *lis pendens* against their property after the first action had been dismissed with prejudice; and

(2) he wrongfully withheld a welfare check from a Mrs. Lollis in order to harass her and extend pressure upon her to settle with his client.

The matter came to be presented to this court in June of 1977. Prior to our taking action upon the recommendation of the Board, two matters occurred in the United States District Court of South Carolina, of which judicial notice was taken:

(1) Respondent was indicted on 92 counts for causing to be presented to the Treasury, United States Revenue Service, an agency of the United States, claims, knowing them to be fraudulent, in violation of Title 18, United States Code, §§ 287 and 2.

(2) Respondent was on August 16, 1977, cited for contempt of court by the Honorable Charles E. Simons, Jr., United States District Judge.

On October 12, 1977, we filed an interlocutory order affirming the action of the Board in its finding that the respondent had engaged in unprofessional conduct, but withheld sanction pending exploration by the Board of the two matters which had occurred in the United States District Court. In that order we directed that: "The Board shall make its own determination of whether or not the two mat-

ters enumerated above constitute unprofessional conduct and, if so, what sanction should be imposed in the light of the proceedings already held and those to be held hereafter."

On October 26, 1977, an amending and supplementing complaint was filed against the respondent, charging further misconduct on his part by reason of charges made and the action taken in the United States District Court. Hearings were held in November, 1977.

By letter, dated February 14, 1978, to the Chief Justice, the respondent submitted his resignation as a member of the bar. In that letter he stated: "Also, I have plead guilty in Federal Court to five felony counts concerning preparation of Income Tax Returns. Further, I have been found in contempt of Court in the US District Court." The offer of resignation was not accepted.

On February 17, 1978, the Executive Committee of the Board submitted its report to this court, recommending that the respondent be disbarred. This was consistent with the recommendations of the hearing Panel.

The matter came to be heard again before this court at the April, 1978, term. At the hearing, respondent's counsel indicated a desire to consent to disbarment as permitted by § 27 of our Rules on Disciplinary Procedure. Section 27 permits an attorney to consent to disbarment provided he complies with the rule. The respondent has, by a written instrument, consented to disbarment, but he has failed to comply with the rule and, accordingly, we proceed to dispose of the matter as though no attempt had been made to consent to disbarment.

At the hearing before us in the April, 1978, term, counsel stated to the court that respondent is now attempting to withdraw his guilty pleas to five counts entered in the United States District Court, and indicated that the contempt of court finding of guilty is now being appealed to the United States Supreme Court. The same has already been affirmed by the Fourth Circuit Court of Appeal.

Our finding of misconduct and the sanction hereinafter imposed does not hinge upon the outcome of either the petition to withdraw guilty pleas or the action of the United States Supreme Court since our findings are independent.

In the light of the history of this case, recited hereinabove, we deem it unnecessary to detail the evidence relative to the various offenses which have been proved to the satisfaction of the hearing Panel and the Board and/or Executive Committee. Suffice it to say that we agree that the respondent has been guilty of misconduct as an attorney, in violation of our Rules and in violation of the Code of Professional Responsibility, and agree with the recommendation of the Executive Committee that the respondent should be, and he hereby is disbarred.

It is ordered that the respondent Robert Barnwell Clarkson return the certificate issued by this court, granting him the right to practice law, to the Clerk of the Supreme Court of South Carolina within five days after notice of this directive.